No. 21088.

ALFRED L. CAPRA, MANAGER OF SAFETY AND EXCISE OF THE CITY AND COUNTY OF DENVER *v.* U-TOTE'M OF COLORADO, INC.
(410 P.2d 171)

Decided January 24, 1966.

MAX P. ZALL, City Attorney, THOMAS A. GILLIAM, Assistant, RICHARD H. PLOCK, JR., Assistant, for plaintiff in error.

FEDER, MORRIS &. FEDER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

THE defendant in error, hereinafter referred to as the applicant, applied to the Manager of Safety of the City and County of Denver for a 3.2% beer license for premises located at 1127 South Tejon street in Denver, where applicant operated a grocery store.

A hearing was held before the Manager of Safety, at the conclusion of which the application was denied. On review of the proceedings, pursuant to C.R.S. 1963, 75-1-7(6), the district court reversed the decision of the Manager of Safety and ordered, "* * * that the license applied for be issued." The Manager of Safety is here on writ of error directed to that judgment.

At the hearing before the Manager of Safety, no objections were offered to the granting of the license, either in the form of written protest or personal appearance of persons opposed thereto. The store manager of the applicant and two other witnesses testified in support of the application. With reference to this testimony the Manager of Safety commented as follows:

"The record reflects that the applicant owns and operates a grocery store, which is open for business from 7:00 A.M. until 11:00 P.M., 364 days of the year; that since the establishment has been open for business, the patrons thereof have made many inquiries in regard to the availability of beer, and that as a result of these numerous inquiries, it is the opinion of the store manager, 'the needs and requirements of these people are such that they want to have this available for them'; and, that many of the patrons prefer to make purchases of beer at the same place where they purchase their other requirements.

"Two neighborhood residents appeared in support of

the application and testified to their desire that it˙be approved. Both indicated that they presently have occasion to buy beer, but that the available outlets are not as near their home as is the applicant's place of business, and thus, it would be more convenient if such a license were issued at this location; and, in addition, would enable them to purchase all of their requirements at one location. * * *"

The findings of the Manager of Safety contain, *inter alia,* the following:

"First, it should be noted that there are three existing fermented malt beverage (3.2% beer) outlets in the neighborhood, none of which are beyond three blocks from the proposed outlet. Two of these outlets — the Denver Owl Drug and the La Pichet — sell beer in the package for consumption off the premises. The third — Athmar Bowl, Inc., — sells beer only for consumption on the premises. For that reason it will not be considered in arriving at a decision in this matter.

* * *

"In view of the fact that there are these outlets existing in the neighborhood where beer is available, it is difficult to see why the reasonable requirements of the neighborhood are not satisfied and the testimony of the witnesses on behalf of the applicant does not establish such a fact, but merely indicates that the issuance of a license to the applicant would be more of a convenience. In my opinion, the Colorado 3.2% Beer Act does not authorize or justify the issuance of a license on those grounds."

"Accordingly, the application is denied."

■ We are unable to find any showing in the record before us that the reasonable requirements of the neighborhood are not being adequately served by the existing 3.2% beer outlets, one of which admittedly is to be found within a distance of one city block from the premises of the applicant. Another outlet is located within "two or three blocks east" of the applicant's store.

This case is controlled by our recent decision in *Big Top, Inc. v. Hoskinson, et al.*, 158 Colo. 400, 407 P.2d 26, in which we said:

"Thus, the precise problem posed by this writ of error is whether the Board of County Commissioners acted arbitrarily and capriciously in its determination that the needs or requirements of the neighborhood for 3.2% beer by the package were being adequately met by the one existing outlet already located very near to Big Top's proposed outlet. In our view the Board did not act arbitrarily or capriciously in its determination in this regard and hence its action in denying Big Top's application must be upheld."

The case of *Capra v. Davenport* decided by this court on December 13, 1965, which is relied on by the applicant, is clearly distinguishable upon the facts.

The judgment is reversed.

MR. JUSTICE DAY and MR. JUSTICE MCWILLIAMS concur.